The opinion of the court tvas delivered by
Rogers, J.
In awarding a new-trial; the court think proper to lay down some principles which may be useful in another trial of the cause! It appeared.in evidence, that Frederick Ritter, under whom the plaintiff claims, was in possession of the Jew's Mill, from 1811 till 1815.. The spring he came there was no dam, but in the summer of that year, Drake; under whom the defendants c-la.im, drove, and put in some stakes and bushes; and made a dam, as the witness says, like a fish-dam. It was swept away in a short time by a fresh. Drake then asked Ritter if he would help him to make a little dam, with which Ritter complied, by assisting him to get logs, and to lay them across the creek, to cut bushes, and to lay them on the logs, and that then Drake hauled stone on the top of the bushes. Ritter cannot say that the dam was ever finished, but believes that it stood that winter, but was gone the next. He says he did not tajee particular notice how high it came, for he did not care much about it, as it-did not injure him, and that he never gahe Drake any right to overflow the ford. He was sure the dam lie made would not stand long. That he gave Drake no grant of the right, and that there was a saw mill on the property at the time. This permission, or license, has been attempted to be magnified into a grant of a right to erect a dam of a permanent nature for a grist mill, of the same height, which it is alleged was twenty inches. As a license for the erection of the present dam, the assistance, or permission of Drake, as disclosed by the evidence, is entitled to no weight. It was a license for a temporary purpose, (which appears ■to have been answered,) which would have excused Drake from a suit by Ritter, but does not amount to a grant for any other purpose than was in the immediate contemplation of the parties. It is manifest it was neighbourly kindness on the part of Ritter, without the slightest view of granting a right'to a permanent use of the *384 water. To make the most of it, it was a license during the continuance of the dam, and as soon as the dam was swept away, the license ceased to exist. To justify a new erection, even for a temporary purpose, a new grant, or permission was necessary. I mean, if the effect was, to swell the water on the land of Ritter. In Rerick v. Kerr, the distinction is taken between the cases, where the object to be,accomplished is temporary, and where it is permanent.
Permission to use water for a mill, or any thing else that was viewed by the párties asa permanent erection, will be of unlimited duration, and survive the erection itself, if it should be destroyed or fall into a state of dilapidation. But it is othérwise where the object to be accomplished is,temporary. And, the court then instance a saw mill as a-temporary erection. 14 Serg. & Rawle. No person can avoid seeing, that it was not within the comprehension of either of the parties, that Ritter had made a grant to Drake of a right to a permanent use of the water. It was a temporary use that was intended to. be conferred, and for a particular purpose, and it would be the height of injustice to extend that to any other purpose than that intended by them.
On the trial, it was contended, first,- that James Hepburn was bound to give M'Dowell notice, and that the notice which was given was insufficient. If M‘Dowell stood in the situation of a man totally uninformed and ignorant of his rights, it would be the duty of Hepburn to put him on his guard. He, however, was acquainted, or ought to have been with his own and his neighbour’s lines, and was well aware, or ought to have been with the effect of the dam: He at'least was as well acquainted with those matters as Hepburn could be. He acts then at his own peril, and if under such circumstances he swells on his neighbour, he must answer for the consequences. Notice is required-to a man who acts bona fide, not. to him who wilfully and obstinately persists in using that to which hé has no title, or pretence of title, without giving or offering compensation for its use. It rnay be asked^ why give MiDowell notice? Was he ignorant of his own or his neighbour’s lines, or the effect which his dam would produce? That is.not pretended; or,.if he was ignorant, it was because he would not take ordinary pains to inform himself.. .It was his’duty to obtain the necessary information, and as a just man, he should have obtained the permission of Hepburn to swell the water beyond his lines. It is in the opinion of the court, no answer ..to say, that Fishing Creek was a public highway, and that the injury done to Hepburn was trifling; and tó apply the maxim, de minimis non curat lex. He has swelled, for his own purpose, and to his great advantage, on the soil of his neighbour; and there is that special damage which the law contemplates: It, in its consequences, lessens the value of Hepburn’s mill, and without determining the point, it may be matter well worthy.of inquiry, whether the measure of damages be hot the benefit deriyed from the erection to M‘Dowell, rather *385 than the special damages of the plaintiff. Although Fishing Creels be a public highway, it is an easement merely; the right of soil remains in the owners of the adjoining property.
But, even if notice was necessary, (and it would be strange if a man was bound to give another'notice not to violate the law,) the plaintiff has done all that was required. Hepburn gave a power of attorney to Hopkins for the special purpose. Hopkins informs us he-went three times, and could not find then?. He then went to Jlndrew Shreiner, who was M‘Dowell’s contractor, and gave him notice not to build the dam. Shreiner said, he cared nothing about it, that M<JDowell and Milland were bound to indemnify him, and he would go on, and put up the dam.' If notice be necessary to persons who are engaged in a work with a full knovyledge, or who may have knowledge that it will prove a nuisance, notice to one is notice to all. They are engaged in a joint act, the consequences are .visited on all, they are affected by the acts of all; and even if Shreiner should-have omitted to inform MHowell and Milland, (which is highly improbable,) it would make no difference. Hepburn,Jay his attorney, has done all the law requires, and shall, not be answerable for the omissions of McDowell’s and Milland’s contractor.
Nevv trial awarded.