## LITTLE & a. *vs.* WYATT.

The book of accounts of a party, verified by his oath, is competent evidence for the plaintiff only to prove the account which is the foundation of the suit; and for the defendant, only to prove a set-off against the claim of the plaintiff.

To an action on a promissory note, given for the balance due upon an account stated, the defendant filed a set-off, containing a charge for $50.00 paid on the 5th of August, which, he contended, should have been, but was not credited him in the settlement of the account. The plaintiff alleged that the sum had been once credited him in the account which was copied from the ledger, but under the date of August 14th, and that the 14th should be the 5th of August.—*Held,* that the plaintiff could not prove by his books, and by his own testimony in explanation of them, that an error in the date had been committed, in posting this item from the day book to the ledger.

ASSUMPSIT upon a promissory note, dated on the 28th day of June, 1834, for $98.00, made by the defendant, and payable to the plaintiffs, or order, on demand, with interest.

The defendant pleaded the general issue, and filed a set-off, one of the items of which was the following :

" 1833, August 5. Cash, as per receipt, $50.00."

To prove the payment of the above sum, he offered in evidence the plaintiffs' receipt, acknowledging the payment of $50.00 on account, under the date of August 5th, 1833. He also offered evidence that the note in suit was given upon the settlement of an account between the parties, at which time he contended that the above sum of $50.00 should have been credited him, but was omitted through mistake. He also produced the plaintiffs' account which formed the basis of that settlement, in which no credit was given for the payment of $50.00 under the date of August 5th, but that sum was credited him under the date of August 14th. The credit was as follows :

" 1833, August 14. Cr. by cash pr. rect., $50.00."

The plaintiffs contended that the sum of $50.00, claimed by virtue of the receipt of August 5th, was the same sum credited the defendant under the date of August 14th ; that this date should have been the 5th, instead of the 14th of

August, and that the error was committed in transferring the defendant's account from the day book to the ledger.

To maintain this position, it was proved that the account rendered was in the hand writing of Little, one of the plaintiffs; that it was settled at Boston, where the plaintiffs were doing business, and where their books were kept; and it was then proposed to prove by Merriam, another of the plaintiffs, that there was a mistake in posting the account from the day book to the ledger, by which the credit of $50.00 was altered in its date from August 5th to August 14th. It was argued that if this fact should be proved, the jury must infer that the account rendered was not an original entry of the dealings between the parties, but was merely a transcript from the ledger, and that in making it the error on the ledger was copied and carried into the account; and that by taking the original entry in the day book, as correctly showing the transaction, the error in the ledger and account could be rectified. This evidence was objected to, but the court ruled that it was competent. The books were then produced, and Merriam testified that the entry of the credit on the 14th of August was made by himself on the day book. It was in these words; "1833, Aug. 14. By cash, as per receipt, received August 5th, $50.00." He also testified that when this item was posted on the ledger, the words, "received August 5th," were omitted, and it so appeared on inspection of the ledger. The ledger was posted by Little. On the cross examination of Merriam, it appeared that Little had been absent for ten or twelve days, at Exeter and other places, for the purpose of collecting debts, making remittances, &c., and that on his return, Merriam, by his direction, entered the sum of $50.00 upon the day book as money received during his absence.

The jury returned a verdict for the plaintiffs, for the amount of the note and interest, and the defendant moved that it be set aside, on account of the admission of the evidence.

Little *v.* Wyatt.

*White,* for the plaintiffs.

*Christie,* for the defendant.

Gilchrist, J. The question before us is settled by the principle recognized in the case of *Woodes* vs. *Dennett,* 12 *N. H. Rep.* 511. There, the plaintiff, for the purpose of rebutting the defendant's evidence, offered his book of accounts, verified by his oath, in order to prove that a third person was indebted to him; but the book was held incompetent, because it was offered to prove a fact collateral to the issue between the parties. The reasoning in that case, and the authorities when carefully examined, show that the plaintiff cannot use his book of accounts as evidence, except to prove the cause of action for which the suit is brought. The case of *Poultney* vs. *Ross,* 1 *Dall.* 238, cited in *Woodes* vs. *Dennett,* is an authority upon the point that a book is inadmissible except to charge the original debtor to whom the goods sued for were sold. The same rule is applicable to a defendant, and he cannot use his book as evidence unless to prove a set-off against the claim of the plaintiff. In the case of *Woodes* vs. *Dennett,* it was not necessary, in stating the reasons for the judgment, to settle or to investigate the particular question that arises here. It is said in that case, that " without inquiring into the nature of the transaction that may be proved by the book and oath of the party, —upon which point the decisions are very numerous,—it is sufficient to say that such evidence is confined to suits between the debtor and creditor, whether the claim be made by the plaintiff, or by the defendant by way of set-off." These remarks were sufficient for that case, because it was necessary to settle only the question whether collateral matters could be proved by this species of evidence. The fact which the plaintiff in the present case desires to prove is a collateral matter, and so far the question is settled by *Woodes* vs. *Dennett,* in terms; but the particular shape it assumes,

Little *v.* Wyatt.

from the alleged error, calls for a further exposition of the principle. The exact question is, whether, in an action upon a promissory note given for the balance appearing to be due upon an account stated, the plaintiff may rebut the defendant's set-off, by showing by his books, verified by his oath, that the account was erroneous. In order to do this, he must be permitted to give a history of the transactions connected with the disputed matter, more or less minute, as the particular case may require. If such a principle were recognized, it would make the party a witness to an extent far exceeding the limits which the law contemplated in permitting the party to testify at all. In the complicated affairs of an extensive business, and investigations into such affairs, afford the surest tests of rules of evidence, the practical effect of admitting the party to testify about collateral matters would be, that the simple rule prescribing the questions to be put him, would be entirely lost sight of, and the cautious principle, that no party should be a witness in his own cause, would no longer regulate trials where matters of this kind were inquired into. The explanation of a mistake in his books would often require a detailed statement of numerous circumstances connected with the business of the party, which he only could know, and of which he could give such a version as he pleased, without fear of contradiction. Such a temptation the law very wisely refuses to hold out to litigants, and we have no disposition to extend the rule beyond what we believe to have been its original and legitimate object. It is the book which is the evidence, and the party testifies in chief only to verify it. The party is not a witness who testifies to facts, and then appeals to his book in corroboration of his story, but the book is the source of information, and the party is limited to testifying that it is a true record. If he be permitted to go beyond this, and to modify what is there written, and to explain errors, he will become the source of information, and his book will occupy but a secondary position. He will testify in his own case, like any

other witness, and to this, or to any principle leading to this, the policy of the common law is decidedly opposed. This, we think, is a strong argument against the admission of the evidence, and the judgment of the court is that it was incompetent.

*Verdict set aside.*