## PUTNAM & a. v. GOODALL.

Whenever a cause requires the examination of accounts and vouchers, in any part of the investigation, whether for the plaintiff or defendant, it may be committed to an auditor.

On a hearing before an auditor, a party is not prohibited from stating his case himself, without being sworn, from the fact that he may be a witness.

All evidence that shows of itself that there is better remaining behind, is secondary.

The best evidence of the existence of a written instrument, or its contents, is the instrument itself, and until it is shown that its production is out of the party's power, no other proof of the fact is, in general, admissible.

Where the controversy between the parties was whether P. was rebuilding a certain factory, as the agent of G., or otherwise—*held*, that on a hearing before an auditor, G. could not testify that he had leased the factory to P., without producing the lease; it appearing that there was a written lease between them.

The books of account of a party are not admissible, as between the parties, to establish any fact collateral to the direct issue of debt or credit between them. But, on a hearing before an auditor, where the party is a witness in chief for himself, he may use his book of accounts as a memorandum, if he can testify to the facts from recollection.

ASSUMPSIT.    The action was referred to an auditor, who reported that nothing was due from the defendant to the plaintiff.

At the hearing before the auditor certain questions of law arose, which, by agreement of parties, were stated by the auditor for the purpose of submitting them to the court.

The court, on considering these questions, ordered that the report be set aside, and further ordered the rule by which the case was referred to an auditor to be discharged. To these orders the defendant excepted.

And on his motion, it was ordered that the questions arising on said order be reserved and assigned to the superior court for determination.

The following are the exceptions that were taken before the auditor.

After the plaintiffs had closed their case, Mr. Goodall, the defendant, proceeded to state his defence to the suit.

The plaintiffs excepted that, being a party and witness, he could not state his case, or any thing before the auditor, unless he was first sworn; but the auditor allowed him to proceed, and afterwards to be sworn as a witness.

Mr. Goodall, when sworn, stated that the factory at Bath was leased to one John M. Pratt, at the time it was burnt, and that Pratt was in the occupation of it when it was burnt. The plaintiff excepted to this, because the fact that it was leased cannot be stated without producing the lease. It was admitted that there was a written lease, and the defendant, at the trial, was notified to produce it. It did not appear where said lease was. The defendant did not produce it.

One question, at the hearing, was whether John M. Pratt was agent of the defendant for rebuilding the factory at Bath.

The plaintiffs contended that he was the agent of the defendant, and the defendant contended that he was not; but he had agreed to furnish said Pratt $1000 towards rebuilding the factory; and in order to prove that he had paid said $1000 to said Pratt, and for what he had paid it, and when, the auditor allowed him to authenticate his cash book in the usual way, by swearing that it was his cash book, where he made his daily minutes of cash received and paid out at the time the entries were made, and the only one he had, and that the entries were made on or about the time they purported to be made, in the usual course of business, and read the items making up the $1000 from the book. To which mode of proof the plaintiffs excepted.

*Goodall & Carpenter*, for the defendant.

I. We can see no reason for requiring counsel to be sworn,

when conducting his own case, which does not apply equally to all cases.

II.   The statement of the witness that the factory was burned was merely preliminary and introductory; the fact, of itself, was wholly immaterial and irrelevant, and was only incidentally stated by the witness in introducing his account of the transactions involved in the suit.

We respectfully request the plaintiffs' counsel to state how the fact that the factory was burned could affect the case in any way.   We cannot see.

Had the fact that the factory was burned been relevant, the evidence was competent.   *Rex* v. *Inhabitants of Trinity*, 7 B. & C. 611; *Andrews* v. *Jones*, 10 Ala. 460.

The rule rejecting parol evidence, when offered to show the contents of a written instrument, has never been extended to preclude a witness from stating the fact that there is such an instrument.

The fact of the existence of the lease was not in controversy; and if it had been, it was collateral to the issue, and might have been shown by parol evidence.   1 Phil. Ev. 421; 1 Greenl. 50; *McFaddon* v. *Kingsbury*, 11 Wend. 667; *Southwick* v. *Stevens*, 10 Johns. 443; *Tucker* v. *Welch*, 17 Mass. Rep. 165.

III.   As to the third exception, we say the defendant was a witness in chief, and entries in his cash book, authenticated in the manner stated in the report, were competent evidence.   *Haven* v. *Wendell*, 11 N. H. Rep. 114; 1 Greenl. Ev. 137; *Merrill* v. *Railroad*, 16 Wend. 539; *Heath* v. *West*, 6 Foster's Rep. 191; *Fuller* v. *Little*, 7 N. H. Rep. 539.

*Carleton*, for the plaintiffs.

EASTMAN, J.   This action is stated to be assumpsit, but no specification or statement of the grounds of claim accompanies the case as sent from the common pleas, and we

Putnam *v.* Goodall.

are left somewhat in uncertainty as to the real cause of action. We suppose, however, that the action was brought against Mr. Goodall for money advanced, labor performed, or materials furnished in rebuilding the factory ; that these were all furnished to Pratt, and that the question of the case was, whether the credit was given to Goodall through Pratt, as his agent, or to Pratt himself. . It is upon this view of the case, substantially, that our opinion is founded.

Four questions are presented by the case : First, was the ruling of the court correct in ordering the rule to be discharged ? Second, ought Mr. Goodall to have been permitted to state his defence without being first sworn ? Third, was the testimony in regard to the lease properly received, without producing the lease ? And fourth, was the testimony respecting the money, taken in connexion with the book, competent ?

With regard to the first question, we think that the ruling of the court below was wrong, and that the case was not an improper one for an auditor, if the court saw fit to refer it. The grounds upon which the decision was founded are not stated ; but we may presume that the ruling was made upon the authority of *Brewster* v. *Edgerly*, 13 N. H. Rep. 275, in which it was held that the statute does not authorize the reference of a case to an auditor, where no investigation of accounts or examination of vouchers is necessary, or else upon the ground that there were no accounts or vouchers, on the part of the plaintiff, to be examined. But, we think, the ruling incorrect upon either ground. Whatever may have been the particular character of the plaintiffs' claim, whether an account, parol contract or other matter, properly included in the action of assumpsit, the defence required the examination of the defendant's accounts. This appears from the case. And wherever a cause requires the examination of accounts and vouchers, in any of its parts, whether for the plaintiff or defendant, it may, in the discretion of the court, be committed to an auditor. This the

broad language of the statute authorizes. "Whenever it shall appear to the superior court or court of common pleas, that an investigation of accounts or an examination of vouchers is necessary, in any action pending in such court, they may appoint one or more auditors to state the account between the parties, and make report to the court." Rev. Stat. ch. 189, § 1.

In *Jones* v. *Parker*, 6 Foster's Rep. 20, the action was assumpsit upon a promissory note, and the defence rested upon the ground that the note was not that of the defendant, but of the Avery Factory Company ; but it appearing that the trial of the issue would require the examination of several books of account, receipts and other papers, the court held it a proper case for an auditor.

That case is an authority in point for the present one, and shows that the reference to the auditor was correct, and that the rule should not have been discharged.

As to the second point, we need only say that the ruling of the auditor was correct. A party may appear before an auditor, either by himself or by attorney, and, before introducing evidence, may state his case, either by himself or by attorney ; and it makes no difference that he afterwards proposes to be a witness. If the auditor sees fit to admit him, it is within his discretion so to do. There is no rule, either of law or of practice, that necessarily excludes him, more especially where the party is himself a member of the legal profession.

But the testimony in regard to the leasing, we think, was incompetent. The lease should have been produced. Notice was given to produce it, and no excuse shown for not complying with the notice. The defendant contended that Pratt was not his agent, while the plaintiffs insisted that he was, and that was one of the questions before the auditor ; and had the lease been produced, it might, perhaps, have shown the true relation existing between them. At all events, it was incompetent for the defendant to testify that

the factory was leased to Pratt, when the contract between them was in writing, and when no excuse was given for not producing it. The term " leased " imports a letting; a contract between the lessor and the lessee, by which the latter holds the premises of the former for a compensation paid, or to be paid. When, therefore, the defendant testified that the factory was " leased " to Pratt, it was something more than a mere introductory statement; it was parol testimony of a contract which was admitted to be in writing, and which was material, and as such it was secondary and inadmissible. All evidence which shows upon its face that better remains behind, is secondary and incompetent; and unless the proper foundation be laid for its introduction, it cannot be admitted. These are elementary principles, and it is hardly necessary to cite authorities to sustain them. In the case of a written document or contract, the instrument itself is always regarded as the primary or best possible evidence of its existence or contents, and until it is shown that the production of the instrument is out of the party's power, no other proof of the fact is, in general, admitted. *Lebree* v. *Dorr*, 9 Wheat. 558, 563; 1 Phil. Ev. 421; *Hart* v. *Yunt*, 1 Watts 253; *United States* v. *Gibert*, 2 Sumner 19, 80, 81; Phil. & Am. Ev. 440, 441; 1 Greenl. Ev. § 84 and notes.

The last question relates to the competency of the defendant's testimony, in connection with his book, as to the payment of the thousand dollars to Pratt. The plaintiffs contended that Pratt was the agent of the defendant, while the defendant insisted that he was not, but that there was an agreement between him and Pratt that he should furnish him $1000 towards rebuilding the factory. It was material for the defendant to show how this was, and that Pratt was not his agent. To make this out, he was himself a witness in chief on the hearing, and in connection with his testimony, in that way, his book was used. That he could be a witness in chief is well settled. *Mann* v.

Putnam *v.* Goodall.

*Locke,* 11 N. H. Rep. 248; *Lovering* v. *Lovering,* 13 N. H. Rep. 513; *Smith & a.* v. *Smith & a.,* 7 Foster's Rep. 244. As such witness in chief, he could state any matters that his book might show, if he could do so from recollection. It would be no more than a memorandum of events, which, if he was willing to testify that they had taken place, would be admissible, unless incompetent upon other principles.

Had this been a trial before a jury, in open court, the defendant could not have testified for himself as a witness in chief, nor could he have used his book to establish any fact collateral to the direct issue of debt or credit between himself and the plaintiffs. Books of account are not admissible, as between the parties, to prove independent or collateral facts; for if admitted with the oath of the party, then he testifies for himself; if without his oath, then his naked written statements are received as evidence, and he can thus make testimony for his case. *Batchelder* v. *Sanborn,* 2 Foster's Rep. 325; *Woodes* v. *Dennett,* 12 N. H. Rep. 510; *Little* v. *Wyatt,* 14 N. H. Rep. 23.

But the present is not a case of trial before a jury, where the book can only be used with the suppletory oath of the party, and where, with such oath, the book can only prove the debt or credit existing between the parties; but a hearing before an auditor, where the party may, and in this case did, testify in chief for himself, and to such matters as had a tendency to establish his defence. It was not the book that was to prove that Pratt was not his agent, but his own testimony; and, as the court understand the case, the book was only a memorandum of the items. It is with that view that, we think, it was admissible. If we were to understand from the case that the book was admitted to establish the fact that Pratt was not the defendant's agent, then it would be incompetent.

Holding that the rule appointing the auditor should not be discharged, and that the testimony in regard to the lease was incompetent, the report must of course be recommitted.

It is not, therefore, very material to announce any opinion in regard to the book, further than to indicate what we consider to be the rule governing the admission of books of account in evidence, and that it may be some guide in a future hearing of the case.

*Report recommitted.*