THE INHABITANTS OF AUGUSTA, *versus* THE INHABITANTS OF
WINDSOR.

Testimony that the witness, an officer, having a writ for service, made in-
quiries for the residence of the defendant, and that he made a service upon
him by leaving a summons at a house, specifying it, is properly admissible.

It is no objection that upon such testimony the jury might infer the answers
given from the facts stated — it being no objection to competent testimony
that possibly an improper use may be made of it.

Entries of a deceased physician in the regular course of his business are ad-
missible in evidence when corroborated by other circumstances to render
them probable.

It is not necessary that entries, to be admissible, should be against the interest
of the deceased person making them.

THIS was an action of assumpsit for the support of Absa-
lom Howes and family, as paupers, whose settlement was
alleged to be in Windsor, in consequence of his having his
home and dwelling there on the 21st day of March, 1821 —
and to this point much testimony was introduced by both
parties.

Artemas Kimball, a witness for the plaintiffs, testified that on
the 15th of March, 1821, he served a writ against said Howes
in Windsor — that he made inquiries of several persons where
said Howes resided in said Windsor — and then left the sum-
mons at a house and from his recollection had no doubt of its
being at one of two places, Trask's or Wingate's. The defend-
ants objected to the admission of this testimony, but EMERY J.
who tried the cause, overruled the objection and received the
testimony.

The defendants contended, that said Howes and his family
resided in Pittston, before March 21st, 1821, and that he was
then in the employ of one Linscott. Evidence was intro-
duced, tending to show that said Linscott's leg was broken
before that time. The time having become material, for the
purpose of fixing the true date thereof, the plaintiffs offered in
evidence, the defendants objecting, a day-book of Dr. Neal,
of Gardiner, containing two charges against Temple Lin-
scott, one dated Sept. 28, 1821, and the other Sept. 29, of

the same year, for reducing a fracture in his leg, and for medical attendance. It was further proved that Dr. Neal attended at Ballister's camp and set Linscott's leg — that he died in 1839, — that he was a regularly practising physician in 1820, and 1821, and that the book introduced was in his handwriting.

The jury returned a verdict for the plaintiffs and the counsel for the defendants filed exceptions to the decision of the Court in admitting the aforesaid testimony.

*Wells* and *H. W. Paine*, for the defendants.

1. The testimony of Kimball was inadmissible. If it were proper to state his inquiries of individuals as to the pauper's residence, it would be proper to give their answers, which would be clearly hearsay. To permit a witness to say that he made inquiries and then shut out the answer and yet at the same time permit him to say what he did in pursuance of the inquiry, is equivalent to allowing him to give the answer.

This testimony was not admissible as part of the *res gesta.* Declarations are only received because they illustrate the transaction. 1 Stark. Ev. 49. Here no transaction is illustrated. They are offered here to prove a fact, not to give color to or explain any act whatsoever.

2. The book of Neal is admissible upon no principle. It is not testimony under oath. The truth of the charges are not to be supported against the person for whom the services were rendered. There is no necessity for its admission. It is introduced as evidence of an incidental fact arising in the trial of a cause, and placed upon an equality with the testimony of a witness. If this be admissible, would not any man's books be received ? How can this be distinguished from charges and memoranda made by any person at any time.

When acts of duty arising in a regular course of business require memoranda to be made for others, such memoranda are evidence after the death of the person making them. *Union Bank* v. *Knapp*, 3 Pick. 96 ; *Welch* v. *Barrett*, 15 Mass. R. 380 ; *Nichols* v. *Webb*, 8 Wheat. 326 ; Lord Torrington's case, 1 Salk. 285. These are all cases of charges made in the

regular course of business. There is another class of cases, where book charges have been received in evidence though the persons making them were under no obligation to others on the ground that they were against the interest of the person so making them. *Higham & ux.* v. *Ridgway,* 10 East, 108; *Doe* v. *Robson,* 15 East, 32.

In this case Dr. Neal was interested to make the charges but in making them he was under no obligations as to others. They are not directly in issue — they are hearsay. 1 Stark. Ev. 46.

*Vose & Lancaster,* for the plaintiffs. Kimball testified to an act done and his testimony was properly admissible. *Central Bank* v. *Allen,* 16 Maine R. 71.

The books of Neal were evidence. *Leighton* v. *Monson,* 14 Maine R. 208; 1 Metcalf & Perkins' Dig. 51, and cases cited; *McBride* v. *Watts,* 1 McCord, 384; *Minors* v. *Ship Mary,* 1 Bay. 118.

The opinion of the Court was delivered by

SHEPLEY J. — The first exception taken is to the admission of the testimony of Artemas Kimball. His testimony is in substance, that he made inquiries for the residence of the pauper, and made service of a writ upon him by leaving a summons at a house in Windsor, on the fifteenth day of March, 1821. He did not state the answers of any one respecting his residence. The argument is, that the jury would infer, and be improperly influenced by such inferences. And so they might, perhaps, if he had stated only the fact of service, have inferred, that he made inquiries for his residence, and the answers. In deciding upon the admissibility of testimony, the Court cannot be governed by any consideration that an improper use may possibly be made of it. That can only be guarded against by the counsel in argument, or by the Court in committing the cause to the jury. The testimony proved circumstances which might be considered by the jury, with the other conflicting testimony as to the time when the pauper's residence was changed.

The second exception relates to the admission of the book of Dr. Neal, containing charges against one Linscott, for services as a surgeon upon his fractured leg. A witness for the defence, had testified, that the pauper resided in Pittston before the twenty-first day of March, while he was at work for Linscott during the winter of 1820–21, and that the leg was broken before he went to work for Linscott. It became material to show, that the witness had made a mistake in the year; and this could be shown by proving that the leg was not injured until the month of September, 1821.

In what cases, entries made by persons deceased on their books and papers in the course of their business, should be admitted as testimony, and on what precise principles, has occasioned no little discussion. It will be difficult to reconcile all the decided cases. In the leading one of *Warren* v. *Greenville,* 2 Stra. 1129, the book of a deceased attorney, containing charges relating to a common recovery, was admitted as tending to prove the surrender of a life estate. It appeared by the book, that the charges had been paid. And this fact seems to have been regarded, in many of the subsequent English cases, as an important consideration in the admission of like testimony. While in the report of that case the fact that the charges were marked paid, is not noticed in stating the reasons for the decision.

In the case of *Patteshall* v. *Turford,* 3 B. & Ad. 890, the plaintiff was desirous of proving the delivery of a notice to quit, and a memorandum of the fact and time of delivery had been made on a duplicate in the handwriting of an attorney deceased. And the question arose on its admission as testimony. It could not be received on the principle that it was made against the interest of the person who made it. Mr. Justice Taunton says, "a minute in writing, like the present, made at the time when the fact it records took place, by a person since deceased, in the ordinary course of his business, corroborated by other circumstances, which render it probable that the fact occurred, is admissible in evidence."

Mr. Justice Parke states, that such an entry is to be received in two cases only: "first, where it is an admission against the interest of a deceased party, who makes it; and secondly, where it is one of a chain or combination of facts, and the proof of one raises a presumption that another has taken place." The case now under consideration would come within the rule as stated by Justice Taunton, and be included in the second class of cases named by Justice Parke; for the breaking of the limb, and the services of Dr. Neal, had been proved, and it would be reasonable to expect, that the time of performing them would appear from his books.

Whether the entry, to be admissible, should appear to be against the interest of the deceased person, who made it, is discussed by Mr. Starkie in his treatise upon evidence, and his reasons for concluding, that this circumstance does not "afford a sufficient test for the admission of such entries, and the rejection of all others," are very satisfactory. 1 Stark. Ev. 299, 300, 301, Met. ed. The Court say, in *Nicholls* v. *Webb*, 8 Wheat. 337, "We think it a safe principle, that memoranda made by a person in the ordinary course of his business of acts or matters, which his duty in such business requires him to do for others, in case of his death, are admissible evidence of the acts and matters so done."

It has been considered in several of the States, that neither the best administration of justice, nor any well established rule required the adoption of the limitation, that the entry must appear to have been made against the interest of the person making it; and the decisions in this country are more in accordance with those of *Warren* v. *Greenville*, and *Patteshall* v. *Turford*, than with the most of the other English cases. This Court is not satisfied with the reasoning upon which that limitation was introduced, and does not feel obliged to adopt it.

*Exceptions overruled.*