### JOHNSON et al. v. COWDREY et al.

*(City Court of Brooklyn, General Term. June 27, 1892.)*

PROOF OF MARRIAGE—PRIVATE RECORD OF DECEASED MINISTER.

An entry of a marriage in a book by the officiating minister, offered in evidence, not as a church record, but as a private record of the minister, was properly received in evidence to show the marriage, on proof of the minister's handwriting and of his death.

Appeal from special term.

Action by James M. Johnson and another against Samuel F. Cowdrey and others. From a judgment for defendants, plaintiffs appeal.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Ira Leo Bamberger*, for appellants. *S. F., F. H. & Harry Cowdrey*, for respondents.

CLEMENT, C. J. The court on the trial of this action admitted in evidence the private record kept by Rev. Jacob Legare, pastor of the Morris Street Baptist Church in Charleston, S. C., showing a marriage between James Harrison and Annette Johnson on March 18, 1873. The entry appeared in a book kept by Mr. Legare, and under the heading: "Marriage Record. Marriage of Church Members and Others,"—which book was produced on the argument of this appeal, and exhibited to the court. The record was proven to be in the handwriting of Mr. Legare, and the marriages were entered in consecutive order. It was not offered as, or claimed to be, a church record, but simply as set forth in the heading. Mr. Legare died October 6, 1885, and the book had thereafter been in the custody of his widow, who was a witness on the trial. There is other testimony tending to show that James Harrison and Annette Johnson were married by Rev. Mr. Legare at or about the date set forth in the memorandum, and showing that they lived together in Charleston as husband and wife for about five years after such date, when Mrs. Harrison died. The record was offered in corroboration of the other proofs of marriage in the case. We are of opinion that the book was properly admitted in evidence. It was not offered as a church record, and did not purport to be such, and therefore the authorities cited by the learned counsel for the appellants do not apply. Neither is the case *Blackburn* v. *Crawford*, 3 Wall. 191, cited by the respondents, in point. The book was properly admitted as a private writing kept by a professional man, in the usual course of his vocation. Proof was made that the entries were in the handwriting of Mr. Legare, that it was a record of marriages at which he had officiated, and that he was dead. In the case of *Bradford* v. *Bradford*, 51 N. Y. 669, cited by appellant, a record kept in a Unitarian church in Bella Car, Ireland, was produced by the pastor, Mr. Getty, who did not know the parties, and there was no proof who made the entry, as would seem from reading the printed case, and the court of appeals held that the record was properly rejected. It was offered as a church record, and not a private memorandum kept by a deceased clergyman. The book offered in the case before us, in connection with the other facts proven, tending to show a ceremonial marriage, was admissible in corroboration of such evidence. Many cases could be cited which seem directly in point, where writings made by parties since deceased have

been so admitted. The entry of a baptism by a clergyman as evidence of such baptism, (*Kennedy* v. *Doyle*, 10 Allen, 161;) the books of a physician to prove an account, (*Augusta* v. *Windsor*, 19 Me. 317;) the memorandum of a bank runner or messenger, (*Welsh* v. *Barrett*, 15 Mass. 381;) the same of a teller of a bank, (*Sheldon* v. *Benham*, 4 Hill, 131;) the same of a cashier, (*Nichols* v. *Goldsmith*, 7 Wend. 162;) the entry of an attorney in his register, (*Fisher* v. *Mayor*, 67 N. Y. 73; *Leland* v. *Cameron*, 31 N. Y. 115; *Patteshall* v. *Turford*, 3 Barn. & Adol. 890;) books of account, (*Gale* v. *Norris*, 2 McLean, 471;) books of a notary, (*Nicholls* v. *Webb*, 8 Wheat. 326; *Halliday* v. *Martinet*, 20 Johns. 168.) In the case of *Fisher* v. *Mayor*, 67 N. Y. 73, Judge ANDREWS says: "The facts and circumstances proven, independently of the entry, rendered it probable that an order of confirmation was made, and, in connection therewith, the entry of the corporation counsel was, after his death, admissible secondary evidence of the fact." So in this case, the facts and circumstances proven, independently of the entry, rendered it probable that a marriage ceremony had been performed, and the record of the minister was, after his death, secondary evidence of the fact. Judge GRAY wrote as follows in the case of *Kennedy* v. *Doyle*, 10 Allen, 167: "An *entry made in the performance of a religious duty is certainly of no less value than one made by a clerk, messenger, or notary, an attorney or solicitor,* or a physician in the course of his secular occupation." In no authority does it appear that the court placed its ruling on the ground that the writing was ancient. In the case of *Hart* v. *Wilson*, 2 Wend. 513, a memorandum of a deceased notary was admitted after the lapse of only 10 years from the date when it was made.

The judgment appealed from must be affirmed, with costs.