CRONER *v.* COWDREY *et al.*

(*City Court of Brooklyn, General Term.* July 1, 1892.)

TAXATION—EXEMPTION OF STATE LANDS—VALIDITY OF SALE.

  Rev. St. pt. 1, c. 13, tit. 1, § 4, subd. 2, (8th Ed. p. 1083,) provides that all lands belonging to the state shall be exempt from taxation; Laws 1878, c. 191, amends this provision so as to extend the exemption to all vessels engaged in the coasting trade; and Laws 1879, c. 140, repeals the amendatory act of 1878. *Held,* that the exemption of state lands was not repealed by the act of 1879, repealing the amendatory act of 1878; and that a tax levied on such lands, and a sale thereunder and tax title based thereon, were void.

Appeal from trial term.

Action by Benjamin Croner against Samuel F. Cowdrey and others, defendants. From a judgment for defendant Cowdrey, plaintiff appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

*Ira Leo Bamberger,* for appellant. *S. F., F. H. & H. Cowdrey,* for respondent.

VAN WYCK, J. This is an action of ejectment. The title in fee simple of the premises in question became vested in the state of New York on June 6th, 1878, by the death of Nannette Johnson Harrison, without heirs or unrevoked last will and testament. The admission of the marriage record of the deceased preacher, Legare, as evidence of the marriage of Nannette Johnson to Harrison on March 18, 1873, was proper, and this has been so held by this court in *Johnson* v. *Cowdrey,* 19 N. Y. Supp. 678. See opinion filed June 27, 1892. This brings us down to the consideration of the only other question raised by appellant,—whether or not the plaintiff acquired title to these premises by virtue of the sale and conveyance by the registrar of arrears of the city of Brooklyn for the unpaid taxes for the years 1885 and 1886. The case fails to show what were the details of these tax levies, except that each included state, county, and city taxes; and it is not a violent assumption that the latter included the moneys raised for a variety of city purposes, such as the payment of salaries of city officials and employes, the purchase of supplies for police, fire, and other city departments, expenses incident to repairs of streets, etc. At the times of the assessments and levies, respectively, of the taxes for these two years, these premises were state lands, and at the time of the assessment and levy of the tax of 1886 the act of 1886 (chapter 435) was in full force. If any portion of these taxes levied for city purposes for the year 1886 was covered by the provisions of this act of 1886, then the sale for the same was void, because the act absolutely prohibited the sale therefor. If, on the other hand, this was a general tax for state purposes, then these premises were expressly exempted from such taxes by Rev. St. pt. 1, c. 13, tit. 1, § 4, subd. 2, unless it has been repealed. Section 4: "The following property shall be exempt from taxation." Subdivision 2: "All lands belonging to this state, or the United States." The Laws of 1878 (chapter 191) amended this subdivision so as to read as follows: "(2) All lands belonging to this state,

or to the United States, *and all vessels engaged in the coasting trade.*" This did not repeal the then existing provisions of subdivision 2, but extended the exemption to another kind of property, viz., coasting-trade vessels. This intention of the law making power would not have been made plainer, even if the act had declared that subdivision 2 was amended by adding thereto the words in italics. Chapter 140, Laws 1879, repeals this amendatory act of 1878. It is manifest, from the context of these several acts, and the subject-matter dealt with, that the intent of the legislature was only to repeal the provision extending the exemption to coasting-trade vessels. Otherwise subdivision 2 would have been repealed expressly, and, besides, it will not be presumed that the state intended that its lands should be taxed simply to enable the tax collector to collect the same from the state out of taxes already received by the state, and then to turn the same over to the state, less his fees, to be used by the state in defraying public expenses. Such an exercise of the taxing power could have no other object than an absurd generosity to the tax collector, and such intent of the lawmaking power of the state will not be assumed. The case of *People* v. *Board Sup'rs*, 67 N. Y. 109, is not in conflict with our already expressed views; for the terms of the amendatory act in that case were inconsistent with the terms of the act amended, and therefore superseded them, and so merged them in the amendatory act that the repeal of the latter showed an intention to repeal the whole scheme of its provisions. The terms of the amendatory act of 1878 are not inconsistent with the terms of this subdivision 2 of the Revised Statutes. It had no greater or less effect than if the amendatory acts had expressly provided that this subdivision 2 should be amended by adding thereto the words, "all vessels * * * engaged in the coasting trade." The intent of the legislature in making the amendment and in repealing the amendatory act is plain. The former was to extend the exemption to such vessels, and the latter was to exclude such vessels from the exemption. Then, again, no presumption will be indulged in that the supreme sovereignty of the state, while engaged in raising funds to be used by it for public purposes by the exercise of the power of taxation, intended, without expressly and plainly saying so, to make its own lands liable to such taxes, to be collected from it by the tax collectors, and then turned over to it by them, less charges and commissions. *People* v. *Board of Assessors*, 111 N. Y. 506, 19 N. E. Rep. 90. We understand that the assessors in this state, for the purpose of general taxation, have treated this subdivision 2, so far as it exempts state lands from taxation, as in full force, notwithstanding the act of 1879, c. 140. We think the sale of the premises for the tax of 1886 was void, either by virtue of the provisions of the act of 1886, c. 435, or by those of this "subdivision 2" of the Revised Statutes, if not by both.

Judgment must be affirmed, with costs.