Gunter, J.
Defendant in error traveling a cross-walk at the intersection of Larimer and Twenty-second streets, Denver, fell, thereby sustaining bodily injuries, to *73 recover damages‘for which was this action. Surface water and snow, here collected, had frozen together in a rough and uneven condition, and had so remained for some weeks prior to the accident. The walk was thereby dangerous for travel. Such condition caused the fall. Judgment below was for defendant in error.
Plaintiff in error argued orally two assigned errors:
1. That it appeared from the evidence the dangerous condition of the cross-walk could have been remedied only by the construction of a sewer to convey away the accumulated water; that it was within the discretion of the city whether it should construct such sewer; that therefore its failure to have the walk in a reasonably safe condition by such means was not actionable. In other words the contention was that the city could keep open for public travel this much frequented walk and yet not be obliged to use reasonable care to maintain it in a reasonably safe condition for travel, provided the exercise of such care required the drainage of accumulated surface water. It was the imperative duty of the city to use. ordinary care to have this crossing in a reasonably safe condition for travel.—City of Denver v. Dunsmore, 7 Colo. 339, 3 Pac. 705; City of Boulder v. Niles, 9 Colo. 415; City of Denver v. Moewes, 15 Colo. App. 28, 60 Pac. 986.
The evidence showed the cross-walk, open for travel in a business center, in a dangerous condition, that the city had actual and constructive notice thereof in ample time to have remedied such condition, that defendant in error was injured thereby without fault on his part.
There was also evidence sustaining the verdict of the jury that by the exercise of reasonable care the city could have relieved this condition. This find *74 •ing brought the case within the la’w requiring the city to maintain the crossing in- a reasonably safe condition. If in obeying this imperative requirement of the law it was necessary to have a drain for the surface water, then the duty was upon the city to provide it, if it left the street open and invited travel upon it. This was not because of the law defining its duty with reference to the drainage of surface water, but because of its obligation, if it kept this street open for travel, to use ordinary care to maintain it in a reasonably safe condition for use.
In Conroy et al. v. Village of Marseilles et al., 136 Ill. 401, it was urged that the village was not liable for damages on account of personal injuries sustained through a defective bridge because it had no funds wherewith to repair the bridge. The court held as the village kept the bridge open for travel it was its duty to repair it, and “It could not be heard in a suit for damages resulting from its want of discharge of duty to say that it had no funds with which to repair.”
2. That error was committed in receiving the Himber letter of February 12, 1898. Himber was chief inspector of the board of public works. His duty was to inspect such points as the scene of this accident and report on the same with view to their repair. Evidence other than this letter shows that Himber had inspected this point some time prior to the accident and had made some effort to relieve its condition. Discussions arose between Himber and other city officials as to the care of this walk. The letter was concerning the walk, written in the line of Himber’s duties, and was one of the records of his office. At the time of the trial he was dead. The letter by its recitals disclosed that he in his official capacity had notice of the condition of the walk prior to the accident. In Nicholls v. Webb, 8 Wheat. 437, *75 the court admitting entries in his bo'ok, made by a deceased notary, giving the facts of demand and notice of nonpayment of a promissory note, said: “We think it a safe principle, that memorandums made by á person in the ordinary course of his business of acts or matters which his duty in such business requires him to do for others, in case of his death, are admissible evidence of the acts and matters so done.”
In Augusta v. Windsor, 19 Me. 317, the entries of a deceased physician made in his account book were admissible to show the date of a fracture of a limb, which date was ’material in a controversy to which the physician was not a party. See also 9 Am. and Eng. Encl. Law, 2 ed., 938.
The letter was properly admitted for the purpose of showing notice on the part of the city of the condition of the walk. Further its admission could have worked no prejudice to plaintiff in error as to the question of notice because there was other convincing and uncontradicted evidence charging the city with notice of the condition of the walk. The letter contained certain recitals expressing the opinion of the writer as to how the defective condition could be repaired. If this part be conceded inadmissible, the city is in no condition to complain as to its reception, To the letter when offered the only objection was “immaterial and incompetent.” The letter was not obnoxious to this objection, it was competent and material for certain purposes. If it was desired to exclude an objectionable part of the letter the objection ought to have gone to this point,the court could then have ruled advisedly on the question of the suppression of the objectionable part.'
Other errors assigned go largely to the instructions ; they have been considered in the main in the foregoing opinion. When construed together the in *76 structions clearly and correctly charge the duty of the city to have been to use ordinary care to make the walk involved reasonably safe for travel. No error assigned justifies a reversal.
Judgment affirmed. Affirmed